IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KEVIN RASIN, | : | |
| Petitioner, | : | |
| v. | : | Civil Action No. 19-499-CFC |
| ROBERT MAY, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : | |
| Respondents.[1] | : | |

---

Kevin Rasin. *Pro se* Petitioner.

Maria T. Knoll, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

---

**MEMORANDUM OPINION**

February 7, 2022
Wilmington, Delaware

---

[1] Warden Robert May has replaced former Warden Dana Metzger, an original party to the case. *See* Fed. R. Civ. P. 25(d).

CONNOLLY, CHIEF JUDGE:

Pending before the Court is Petitioner Kevin Rasin's ("Petitioner") Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1) The State filed an Answer in opposition. (D.I. 13) For the reasons discussed, the Court will deny the Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244.

I. BACKGROUND

On March 19, 2012, a Delaware Superior Court jury convicted Petitioner of gang participation, first degree murder, attempted first degree murder, second degree conspiracy, two counts of possession of a firearm by a person prohibited ("PFBPP"), and possession of firearm during the commission of a felony ("PFDCF"). (D.I. 13 at 2); see Rasin v. State, 187 A.3d 1209 (Table), 2018 WL 2355941, at *1 (Del. May 23, 2018.) The Superior Court sentenced him to life imprisonment for the murder and attempted murder convictions, and a total of twelve years' imprisonment for the other convictions. (D.I. 13 at 2) The Delaware Supreme Court affirmed Petitioner's convictions and sentence on September 25, 2013. See Taylor v. State, 76 A.3d 791, 803 (Del. 2013).

On October 18, 2014, Petitioner filed in the Delaware Superior Court a motion for postconviction relief pursuant to Delaware Superior Court Rule 61 ("Rule 61 motion"). The Superior Court appointed counsel to represent Petitioner, who then filed an amended Rule 61 motion on October 31, 2016. (D.I. 13 at 2) The Superior Court denied the amended Rule 61 motion on November 14, 2017, and the Delaware Supreme Court affirmed that decision on May 23, 2018. See Rasin, 2018 WL 2355941,

2

at *1. Petitioner filed a second *pro se* Rule 61 motion on August 23, 2018. (D.I. 14-27) The Superior Court denied that motion on September 21, 2018, and the Delaware Supreme Court affirmed that decision March 27, 2019. *See State v. Rasin*, 2018 WL 4583485 (Del. Super. Ct. Sept. 21, 2018); *Rasin v. State*, 207 A.3d 1125 (Table), 2019 WL 1410748, at *2 (Del. Mar. 27, 2019).

In March 2019, Petitioner filed the instant Petition asserting six ineffective assistance of trial counsel claims. (D.I. 1 at 5-9, 27-29)

## II. ONE-YEAR STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. See Holland v. Florida, 560 U.S. 631 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling). A petitioner may be also excused from failing to comply with the limitations period by making a gateway showing of actual innocence. See Wallace v. Mahanoy, 2 F. 4th 133, 151 (3d Cir. 2021) (actual innocence exception).

Petitioner does not assert, and the Court does not discern, any facts triggering the application of § 2244(d)(1)(B),(C), or (D). Consequently, the one-year period of limitations began to run when Petitioner's convictions became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final, and the statute of limitations begins to run, upon expiration of the ninety-day time period allowed for seeking certiorari review. See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). In this case, the Delaware Supreme Court affirmed Petitioner's conviction on September 25, 2013, and he did not seek review by the United States Supreme Court. As a result, his judgment of conviction became final on December 24, 2013. Applying the one-year limitations period to that date, Petitioner had until December 26, 2014 to timely file a habeas petition.[2] See Wilson v. Beard, 426 F.3d 653, 662-64 (3d Cir. 2005) (Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); Phlipot v. Johnson, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is

---

[2]The last day of AEDPA's one-year limitations period fell on a federal holiday. Therefore, the time to file a timely 2254 petition extended through the end of the day on December 26, 2014. See Fed. R. Civ. P. 6(a)(1)(C).

4

calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date it began to run). Petitioner electronically filed the instant Petition on March 13, 2019, more than four years after that deadline. Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled, or Petitioner makes a gateway showing of actual innocence. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir. 1999); *see Wallace v. Mahanoy*, 2 F.4th 133, 151 (3d Cir. 2021) (explaining that actual innocence is an "exception to the statute of limitations" rather than an "extension to the statute of limitations via equitable tolling."). The Court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). A post-conviction motion is "'properly filed' for statutory tolling purposes when its delivery and acceptance is in compliance with the state's applicable laws and rules governing filings, such as the form of the document, any time limits upon its delivery, the location of the filing, and the requisite filing fee." *Crump v. Phelps*, 572 F. Sup. 2d 480, 483 (D. Del. 2008). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *See Swartz,* 204 F.3d at 424. The limitations period, however, is not tolled during the ninety days a petitioner has to file a petition for a writ of

5

certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Att'y of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

When Petitioner filed his first Rule 61 motion on October 18, 2014, 298 days of AEDPA's limitations period had already expired. His first Rule 61 motion tolled the limitations period from October 18, 2014 through May 23, 2018, the date on which the Delaware Supreme Court affirmed the Superior Court's denial of his Rule 61 motion. The limitations clock started to run again on May 24, 2018, and ran the remaining 67 days of the limitations period without interruption until it ended on July 30, 2018. Petitioner's second Rule 61 motion, filed on August 23, 2018, has no statutory tolling effect because it was filed after the expiration of the limitations period.

## B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52. Additionally, the obligation to act diligently "does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period [the petitioner] is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005). As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged

6

to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). An extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d. Cir. 2013).

Petitioner does not assert that any extraordinary circumstance prevented him from complying with AEDPA's one-year statute of limitations. To the extent Petitioner's late filing in this Court was due to a lack of legal knowledge or miscalculation of AEDPA's one-year filing period, such circumstances do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

### C. Actual Innocence

Finally, a credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. *See McQuiggin v. Perkins*, 569 U.S 383, 392 (2013); *Wallace*, 2 F. 4th at 150-151. Petitioner, however, does not assert any claim of actual innocence.

Accordingly, the Court will dismiss the instant Petitioner as time-barred.[3]

## III. CERTIFICATE OF APPEALABILITY

The Court must decide whether to issue a certificate of appealabilty. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability may be issued only when a petitioner

---

[3]Having determined that the Petition is time-barred, the Court will not address the State's alternate reasons for dismissing the Petition.

makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons stated above, the Court concludes that Petitioner's habeas Petition must be dismissed as time-barred. Reasonable jurists would not find the Court's assessment of Petitioner's constitutional claims to be debatable or wrong. Consequently, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss the instant Petition as time-barred. An appropriate Order will be entered.